962 F.2d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Karen STEVENS, Plaintiff-Appellant,
v.
DEPARTMENT OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 90-35851.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1992.*
Decided May 8, 1992.
 
 Before HUG, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Karen Stevens appeals pro se the district court's order granting summary judgment in favor of the Secretary of Health and Human Services ("Secretary"). Stevens appears to contend that the district court erred by adopting the Secretary's conclusion that retroactive Supplementary Security Income awarded under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383 ("SSI"), must be offset by the amount of disability insurance benefits awarded under Title II of the Social Security Act, 42 U.S.C. §§ 401-433 ("Title II"), for which the recipient was eligible during the retroactive period. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 "We review de novo the district court's grant of summary judgment in favor of the Secretary. To survive our review, the findings of the Secretary must be supported by substantial evidence and the denial of benefits must be otherwise free of legal error." Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir.1991) (citation omitted) (substantial evidence did not support administrative law judge's finding that claimant was not impaired).[1]
 
 
 4
 Title II benefits are included as unearned income when determining an individual's SSI benefits, see 20 C.F.R. § 416.1121(a), to ensure that the maximum monthly income allowance for SSI eligibility will not be exceeded, see 20 C.F.R. §§ 416.405 and 416.410. When SSI benefits are awarded on a retroactive basis, any Title II benefits received to cover eligibility during the retroactive period may reduce or completely offset the amount of SSI benefits. See 42 U.S.C. § 1320a-6(a); see also Guadamuz v. Bowen, 859 F.2d 762, 765 (9th Cir.1988) (reduction of retroactive Title II benefits based on amount of SSI benefits received in the retroactive period).
 
 
 5
 In February 1987, Stevens was determined to be eligible for both Title II and SSI disability benefits, based on diagnoses of personality disorder and cannabis abuse. In October 1987, Stevens received Title II benefits in the amount of $3168.00 for the months of March 1987 through October 1987. This award was based on a benefit level of $396.00 per month. In December 1989, Stevens was notified that she would be awarded the SSI disability payment for February 1987. She was denied any additional SSI payments because the Title II payments of $396.00 per month, which had begun in March 1987, exceeded the maximum monthly income level of $388.00 for SSI eligibility.
 
 
 6
 The Secretary properly denied Stevens SSI benefits for the months of March 1987 through October 1987 based on an income level above the statutory maximum for SSI eligibility. See 42 U.S.C. § 1320a-6(a); see also Guadamuz v. Bowen, 859 F.2d at 765. Therefore, the district court properly granted summary judgment on this basis in favor of the Secretary. Cf. Baxter, 923 F.2d at 1396.[2]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 "The goal of the SSI program is to provide aged, blind, or disabled individuals with at least a subsistence level income. The SSI regulations set a minimum income level below which the federal government thinks people should not have to live." Paxton v. Secretary of Health and Human Services, 856 F.2d 1352, 1353 (9th Cir.1988) (citation omitted). Consequently, the Secretary considers income from nonemployment sources when calculating an individual's eligibility for benefits. See 42 U.S.C. § 1382a(2)(B)
 
 
 [2]
 Stevens also contends that: (1) the government defaulted below because their answering brief was entitled "Defendant's Memorandum" and thus, it was not a brief; and (2) a medical note submitted by a physician to the Appeals Council was improperly considered. The first contention lacks merit and does not warrant discussion. The second contention was raised for the first time in Stevens' reply brief and we decline to address arguments not raised in the appellant's opening brief. See Sanchez v. City of Santa Ana, 915 F.2d 424, 430 (9th Cir.1990), cert. denied, 112 S.Ct. 66 (1991)