993 F.2d 884
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Home SINTHAVONG, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary, Defendant-Appellee.
 No. 91-56110.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 2, 1993.*
 Decided May 17, 1993.
 
 Before: PREGERSON, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Home Sinthavong ("Sinthavong") is a 59-year old Laotian who applied for Supplemental Security Income disability benefits shortly after immigrating to the United States. His application was denied initially and on reconsideration. Following a hearing before an administrative law judge ("ALJ"), Sinthavong's claim of disability was again rejected. The decision became final when the Appeals Council upheld the ALJ's ruling, whereupon Sinthavong filed the instant action in federal district court. Sinthavong and the Secretary, Department of Health and Human Services ("Secretary"), filed cross-motions for summary judgment. The district court granted the Secretary's motion and Sinthavong timely appealed. We affirm.
 
 
 3
 Because our review of the district court's decision is de novo, we are effectively reviewing the Secretary's denial of benefits. See Gamer v. Secretary, HHS, 815 F.2d 1275, 1278 (9th Cir.1987). The Secretary's denial of benefits will be disturbed only if it is not supported by substantial evidence or it is based on legal error. Green v. Heckler, 803 F.2d 528, 529 (9th Cir.1986). Substantial evidence is more than a mere scintilla, Richardson v. Perales, 402 U.S. 389, 401 (1971), but less than a preponderance, Sorenson v. Weinberger, 514 F.2d 1112, 1119 n. 10 (9th Cir.1975) (per curiam), and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation omitted).
 
 
 4
 To determine whether the Secretary's decision is supported by substantial evidence, we "review the administrative record as a whole, weighing both the evidence that supports and [that which] detracts from the ALJ's conclusion." Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989) (internal quotation omitted). The ALJ is responsible for determining credibility, including the resolution of any conflicts in medical testimony, Allen v. Heckler, 749 F.2d 577, 579 (9th Cir.1985) (as amended), and is also responsible for resolving ambiguities. Vincent v. Heckler, 739 F.2d 1393, 1394 (9th Cir.1984) (per curiam).
 
 
 5
 The Secretary employs a 5-step sequential process for determining whether a claimant is disabled. See 20 C.F.R. §§ 404.1520(a)-(f) and 416.920(a)-(f) (1992). The first step involves an inquiry whether the claimant is engaged in substantial gainful employment; if so, the claimant loses. If the claimant is not so employed, however, the ALJ proceeds to the second step to determine whether the claimant suffers from a severe impairment. If the claimant is found to suffer from an impairment that is deemed severe, the ALJ's third step is to compare the claimant's impairment to those appearing in the relevant regulations' Listing of Impairments ("Listing"). A presumption of disability arises if the claimant's impairment appears on that Listing. If the impairment is not one conclusively presumed to be disabling, step four requires an evaluation whether the claimant is able to perform his past relevant work. If he is not, step 5 obligates the Secretary to show that the claimant is able to perform other work available in the national economy. See generally Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).
 
 
 6
 The ALJ found that Sinthavong suffered from several physical impairments and an organic mental disorder, but concluded that none of these, alone or in combination, was listed in or medically equal to anything appearing in the Listing at Appendix 1, Subpart P of Section 404. With respect to Sinthavong's physical impairments, there is no evidence in the record of end organ damage as to his hypertension, see § 404, Subpt. P, App. 1, § 4.00(C), and his vision is admittedly better than the uncorrected 20/200 standard of the Listing. See id. at § 2.02. Moreover, Sinthavong offered no evidence of a hearing impairment, and the record contains no medical signs or laboratory findings revealing physiological or anatomical abnormalities "which would reasonably be expected to produce the pain or other symptoms alleged." 20 C.F.R. § 404.1529(b); see also Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir.1991) (en banc). Finally, there is no evidence of an impairment that reasonably could be expected to produce headaches and dizziness. See id.
 
 
 7
 With respect to Sinthavong's mental impairment, Dr. David Gross found no evidence of an organic mental disorder and concluded that any mental impairment was not severe; the ALJ ruled, however, in the light of other medical evidence that Sinthavong suffered from Organic Mental Disorder as described at § 12.02 of the Listing and that he met the criteria in subsection A thereof. Nevertheless, the ALJ went on to hold that Sinthavong did not meet the criteria listed in subsection B concerning the severity of that impairment and was therefore not disabled.
 
 
 8
 In reaching his conclusion of non-disability the ALJ discounted the medical evaluation of Dr. Jeffrey Matloff in favor of that of Drs. Bishop and Barreto. While the ALJ could not have rejected a treating physician's uncontroverted medical opinion except for clear and convincing reasons, see Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir.1991), where, as here, the controverted evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld. See Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir.1984). In the light of this record, we find that substantial evidence exists to support the ALJ's conclusion.
 
 
 9
 AFFIRMED.
 
 PREGERSON, Circuit Judge, dissenting:
 
 10
 I respectfully dissent.
 
 
 11
 Under the settled law of this circuit, an ALJ may reject the opinion of a treating physician only if the ALJ "make[s] findings setting forth specific, legitimate reasons for [rejecting the treating physician's opinion] that are based on substantial evidence in the record." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989). See also Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir.1991). Although the ALJ in this case set forth a number of reasons for rejecting Dr. Matloff's opinion, none was supported by "substantial evidence in the record." Therefore, the ALJ was required to defer to Dr. Matloff's diagnosis, and the decision of the Secretary should be reversed.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3