15 F.3d 1084
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 David A. ERICKSON, Plaintiff-Appellant,
v.
Donna E. SHALALA,** Secretary of Health &
Human Services, Defendant-Appellee.
 No. 92-35081.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1993.*
Decided Dec. 22, 1993.
 
 Before: GOODWIN, SCHROEDER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Appellant David A. Erickson sustained injuries to both of his feet in an automobile accident on February 15, 1985. Although the injuries healed to some extent, Erickson soon developed an arthritic condition, and he continues to experience pain in his feet, neck and back. Erickson also has been diagnosed with moderate to severe depression stemming from the accident and his injuries.
 
 
 3
 Erickson filed for disability benefits under Title II of the Social Security Act on October 5, 1989. He received an administrative hearing, after which an Administrative Law Judge determined that he was not disabled. An Appeals Council declined to review the ALJ's decision, and it became the final decision of the Secretary on April 22, 1991. The Secretary's decision was affirmed by the district court on November 26, 1991, and this appeal followed. Erickson contends that the decision of the ALJ was not supported by substantial evidence because (1) the ALJ improperly discredited Erickson's subjective pain testimony; (2) the ALJ failed to provide adequate reasons for diverging from the opinion of Erickson's treating physicians; and (3) the ALJ erred in crediting the testimony of a vocational expert. The court finds that it need only address the first of these asserted errors to decide the case.
 
 
 4
 To qualify for benefits under 42 U.S.C. Sec. 423(d)(1)(A), a claimant "must establish that he is unable to engage in 'substantial gainful activity' due to a 'medically determinable physical or mental impairment' which 'has lasted or can be expected to last for a continuous period of not less than 12 months.' " Penny v. Sullivan, No. 92-15580, 1993 U.S.App. Lexis 20628, slip op. at 8876 (9th Cir. Aug. 16, 1993) (citing Marcia v. Sullivan, 900 F.2d 172, 174 (9th Cir.1990)). A claimant will qualify as disabled "only if the impairment is so severe that ... that person cannot engage in any ... kind of substantial gainful work which exists in the national economy." Id.
 
 
 5
 If a claimant suffering from a physical impairment demonstrates that his impairment prevents him from returning to his prior employment, the burden shifts to the Secretary to show "that the claimant can engage in other types of substantial gainful work that exists in the national economy." Id. at 8876-77 (citing Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir.1984)). In this case, the Secretary conceded that Erickson is unable to perform his past relevant work. Accordingly, the Secretary bore the burden of demonstrating that Erickson is able to engage in other substantial gainful work in the national economy.
 
 
 6
 At the administrative hearing, Erickson testified that as a result of his condition, he is unable to walk more than one or two blocks without pain, or to stand for more than five or ten minutes before he suffers cramping in his feet. In addition, he testified that he frequently finds it necessary to elevate his feet to alleviate the pain. Finally, Erickson testified that it often becomes necessary for him to rest in the afternoon because the pain in his feet makes a full night's sleep difficult.
 
 
 7
 The ALJ discredited Erickson's pain testimony, finding that the actual pain and discomfort experienced by Erickson was less severe than he alleged. The ALJ offered three bases for discrediting the pain testimony: evidence that Erickson has used a rehabilitation bicycle; evidence that Erickson had spent time at a motorcycle shop in which he had a financial interest; and evidence that Erickson was not motivated to find employment.
 
 
 8
 In reaching his final decision, the ALJ relied on a vocational expert who opined that a person with Erickson's residual functional capacity could work as, among other things, a lot boy, a laundry press operator, or a general clerk. The expert provided this opinion after being given a hypothetical scenario purporting to describe Erickson's condition. Because the ALJ had discredited Erickson's subjective pain testimony, he did not include the fatigue and chronic pain described by Erickson in the hypothetical posed to the expert.
 
 DISCUSSION
 
 9
 As this court has noted, the existence and extent of pain is a completely subjective phenomenon, creating difficulty in the application of pain testimony to the disability determination. Fair v. Bowen, 885 F.2d 597, 601-04 (9th Cir.1989). It is clear, however, that pain, no less than other physical impairments, can be disabling. Id. at 601. Accordingly, as long as a claimant's alleged pain is associated with a clinically demonstrated impairment--as Erickson's alleged pain clearly is--the claimant is entitled to have his testimony considered in the disability determination. Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir.1991) (en banc). An ALJ may not discredit pain testimony solely because it is uncorroborated by medical evidence. Id. Furthermore, although an ALJ may reject subjective pain testimony that is found to be lacking in credibility, the ALJ may do so only after making specific findings supporting the credibility conclusion. Id. at 345-46; Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir.1991).
 
 
 10
 To the extent the bases offered by the ALJ in rejecting Erickson's pain testimony are relevant to credibility at all, they are not per se inconsistent with disabling pain, and the ALJ has not explained with any specificity why they cast doubt on Erickson's testimony. Whatever conclusions may be reasonably drawn from the fact that Erickson has used a rehabilitation bicycle and has spent time at a motorcycle shop, the ALJ has come far short of the fairly demanding specificity standard this circuit has required of findings serving as the basis for rejection of pain testimony. E.g., Penny, slip op. at 8879; Baxter, 923 F.2d at 1396; Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir.1990).[1] Furthermore, the ALJ did not make any specific findings as to how Erickson's use of a rehabilitation bicycle or ability to spend time at a motorcycle shop translate into the ability to perform appropriate work. Absence of such findings alone is grounds for reversal. Gonzalez, 914 F.2d at 1201.
 
 
 11
 Having concluded that the ALJ erred in discrediting Erickson's pain testimony, we must determine the appropriate remedy. In Varney v. HHS, 859 F.2d 1396 (9th Cir.1988), this court held that a disabilities case should not be remanded solely for the ALJ to revisit the question of the claimant's credibility. In this case, as in Varney, the claimant's attorney asked the vocational expert whether, assuming the truth of Erickson's testimony, Erickson would be able to perform the jobs identified by the expert. As in Varney, the expert answered in the negative. Transcript of Hearings at 56-57, 65 (Apr. 25, 1990). Accordingly, Erickson's testimony will be accepted as true, id. at 1401, and we find it unnecessary to return this case to the agency or extend its life beyond the four years it has already consumed.
 
 
 12
 The judgment of the district court is vacated, and we remand with instructions for remand to the Secretary and entry of an order establishing Erickson's entitlement to benefits.
 
 
 13
 REVERSED AND REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Donna E. Shalala, the current Secretary of HHS, is substituted for former Secretary Sullivan. See Fed.R.App.Pro. 43(c)(1)
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Secretary offers other bases, allegedly grounded in the record, in support of the ALJ's decision to discredit Erickson's pain testimony. These include, among other things, Erickson's minimal use of pain medication. This court reviews the adequacy of the reasons specified by the ALJ, not the post hoc conclusions of the agency. See Bunnell, 947 F.2d at 345-46