**MEDTRONIC, INC., a Minnesota corporation, Plaintiff–Appellee/Cross–Appellant,**

v.

**ROADWAY EXPRESS, INC., a Delaware corporation; John Travis Sherman; Carl Wood; Federal Express Corporation, a Delaware Corporation, Defendants**

**and**

**Loretta Lima Transportation Corporation, a California corporation, Defendant–Appellant/Cross–Appellee.**

**No. 00–55197, 00–55296.**

**D.C. No. CV–97–05735–AHM.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2001.

Decided March 22, 2001.

cation and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Before FERGUSON, TASHIMA, FISHER, Circuit Judges.

## MEMORANDUM [1]

This case arises from an accident in which equipment being shipped by Medtronic pursuant to a contract with Federal Express ("FedEx") was destroyed in a truck crash. After the goods were delivered to FedEx for shipment from Califor-

**1.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

nia to Arizona, FedEx transferred the goods to Loretta Lima Transportation Corp. ("Lima") for transportation. It was Lima's truck that crashed. After settling with FedEx up to their contractual liability limit, Medtronic sued Lima for the balance of its loss. Lima asserted an affirmative defense under the Carmack Amendment, 49 U.S.C.A. § 14706. After a two-day trial, a jury found that Lima was covered by the limitation of liability provision in the FedEx–Medtronic agreement. The district court judge subsequently granted a Judgment as Matter of Law ("JMOL"), Fed. R.Civ.P. 50(b), (c), in favor of Medtronic and alternatively granted Medtronic a new trial, Fed R. Civ. P. 50(c)(1). Both parties filed cross claims.

■ A JMOL is proper if the evidence, construed in the light most favorable to the non-moving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict. *Amarel v. Connell,* 102 F.3d 1494, 1517–18 (9th Cir.1997). We review the grant of a JMOL *de novo. Id.* The grant of a new trial is reviewed for abuse of discretion, but when granted pursuant to Rule 50(c)(1), "a stringent standard applies when the motion is based on insufficiency of the evidence." *Ace v. Aetna Life Ins. Co.,* 139 F.3d 1241, 1248 (9th Cir.1998) (citations and quotations omitted).

■ The district court abused its discretion in granting Medtronic's post-trial motions. The court denied Lima's motion for summary judgment and directed the case to go to the jury because there were material issues of fact to be determined. Then, after the jury verdict, it granted the JMOL based upon a weighing of the *facts* of the case, thereby substituting its opinion for that of the jury. The district court did not cite any case involving the Carmack Amendment in making its determination.

It also purported to eliminate only one of the two possible bases presented to the jury for its decision. There were sufficient facts to validate the jury's finding that Lima was covered by FedEx' limitation of liability. The jury verdict should not have been vacated, and neither the JMOL nor a new trial granted.

■ Lima also challenges the district court's adoption of the magistrate judge's denial of sanctions against Medtronic. Because it failed to file a timely appeal of the magistrate's ruling in district court, Lima preserved the right to challenge only the magistrate's legal conclusions. *Baxter v. Sullivan,* 923 F.2d 1391, 1394 (9th Cir. 1991). Taking the facts as presented by the magistrate, the denial of sanctions was a "permissible conclusion" of law. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 400, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).

The JMOL and alternative grant of new trial are reversed. The jury verdict must be reinstated. All other motions are without merit and denied.

REVERSED and REMANDED to reinstate the jury verdict.