**Louie AGUIRRE, Plaintiff–Appellant,**

v.

**Larry MASSANARI,\* Acting Commissioner, Social Security Administration, Defendant–Appellee.**

No. 99–17616.

D.C. No. CV–99–05263–DLB.

United States Court of Appeals, Ninth Circuit.

Submitted May 18, 2001.

Decided June 18, 2001.

Before NOONAN and SILVERMAN, Circuit Judges, and LASNIK,\*\* District Judge.

MEMORANDUM \*\*\*

Appellant Louie Aguirre appeals the Social Security Commissioner's decision that, although Aguirre's back pain precluded him from engaging in his past relevant work, he retained the residual functional capacity to "engage in at least a light level of exertion with occasional stooping and crouching involved" and was therefore "not disabled" under the Medical–Vocational

guidelines set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table 2, Rule 202.17. By agreement of the parties, this matter was submitted on the pleadings without oral argument. We have jurisdiction pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 1291.

On appeal, Aguirre challenges (1) the Administrative Law Judge's finding that Aguirre has the residual functional capacity to perform a full range of light work, (2) his rejection of the findings and opinions of Aguirre's treating physician, (3) his failure to obtain vocational expert testimony, (4) his credibility findings, and (5) his disregard of evidence supplied by a third party. Although the ALJ applied the proper legal standards in evaluating Aguirre's testimony and his treating physician's opinions, this matter will be remanded to the Commissioner for further proceedings.

(1) *Residual Functional Capacity.* In determining that Aguirre could still perform the full range of light work, the ALJ noted that Aguirre could not occasionally lift in excess of twenty pounds, frequently lift ten pounds, or frequently stoop or crouch. ER 8. The applicable regulations define light work as work involving "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds" and requiring "a good deal of walking or standing." 20 C.F.R. §§ 404.1567(b) and 416.967(b). The ALJ's findings are inherently contradictory. If Aguirre cannot lift ten pounds frequently, he cannot, by definition, perform light work. This matter will be remanded to the ALJ for clarification and further factual development as necessary.

---

\* Larry G. Massanari is substituted for his predecessor, Kenneth Apfel, as Acting Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

\*\* Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

(2) *Opinion of Treating Physician.* The ALJ's conclusion that Aguirre could perform the full range of light work directly contradicts the opinion of Aguirre's treating physician, Dr. Niazi. ER 155–57. "While the opinion of a treating physician is not binding, it is entitled to special weight." *Baxter v. Sullivan,* 923 F.2d 1391, 1396 (9th Cir.1991). If such an opinion is contradicted by other treating physicians, the ALJ is required to give specific and legitimate reasons for rejecting the opinion. *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir.1989). If the opinion is uncontradicted, the ALJ cannot disregard it unless he provides clear and convincing reasons for doing so. *Baxter,* 923 F.2d at 1396. Taken as a whole, the medical evidence in this case does not support, and in fact contradicts, Dr. Niazi's residual functional capacity evaluation. *See* ER 126, 159, 175, and 176 (describing Aguirre's objective physical findings as minimal, mild, or borderline); ER 122, 123, and 176 (indicating that Aguirre's inability to return to work might be caused by motivational, rather than a physical, problems); ER 142, 177, and 178 (suggesting a much higher level of residual capacity than indicated by Dr. Niazi). Dr. Niazi's opinions regarding Aguirre's residual functional capacity are based exclusively on Aguirre's subjective complaints, the credibility of which was properly discounted by the ALJ, as discussed below. Thus, regardless of whether the ALJ were required to give specific and legitimate reasons or to provide clear and convincing reasons for his rejection of the treating physician's opinion, he has met his burden.

(3) *Vocational Expert Testimony.* Where the claimant has both exertional and non-exertional impairments, the ALJ may use the Medical–Vocational guidelines set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table 2 (the "grids") only after he has assured himself that the claimant's non-exertional limitations do not so affect the claimant's residual functional capacity that use of the otherwise applicable rule would be inappropriate. *See Razey v. Heckler,* 785 F.2d 1426, 1430 (9th Cir. 1986). There is evidence in the record from which one could conclude that Aguirre suffers mental capability limitations (depression), motor skill limitations (difficulty grasping), and postural limitations (occasional stooping or crouching). ER 8, 75, 81–84, 160, 163, 166, 167–68, and 169–71. The ALJ specifically addressed only Aguirre's postural limitations. This matter will be remanded for consideration of the extent to which Aguirre's mental and motor skill limitations necessitate the testimony of a vocational expert and whether those limitations further reduced the number of jobs in the national economy appellant is actually able to perform. *See Desrosiers v. Secretary of Health and Human Servs.,* 846 F.2d 573, 577 (9th Cir.1988).

(4) *Credibility Determination.* Aguirre's treating physicians generally agree that he has suffered a lumbar sprain, a condition which could reasonably be expected to produce some pain. *See Cotton v. Bowen,* 799 F.2d 1403, 1407–08 (9th Cir.1986). Absent affirmative evidence of malingering, an ALJ cannot reject the claimant's testimony regarding the level of pain actually experienced unless he or she sets forth "clear and convincing" reasons therefore. *See Dodrill v. Shalala,* 12 F.3d 915, 917–18 (9th Cir.1993). The ALJ ultimately determined that Aguirre's testimony regarding the severity of his pain and the limitations it imposed was not entirely credible because: (a) the nature, onset, duration, frequency, radiation, and intensity of Aguirre's pain are vague and non-specific; (b) Aguirre's pain has proved unresponsive to various treatment regimens; (c) his physicians have, for the most part, been content to treat Aguirre's pain conservatively; (d) Aguirre's testimony

that he had been spending most of his days resting in bed for over three and a half years was inconsistent with the observations of his physicians and the ALJ that Aguirre is well-muscled with no evidence of atrophy; (e) Aguirre's objective medical findings do not correlate to the amount of pain he claims to be suffering; (f) the record contains affirmative evidence of malingering; and (g) there is evidence that Aguirre's inactivity is self-imposed or the result of a psychological condition. ER 5–7. These reasons, considered together, are both clear and convincing. The ALJ has adequately justified his rejection of Aguirre's pain-related testimony.

(5) *Information Supplied by Third Parties.* Ruth Aguirre, appellant's wife, submitted a daily activities report and answered questions during a telephone interview which tended to show that the claimant either is debilitated by his pain or has psychological impairments which greatly affect his functional capacity. ER 75–76 and 81–84. The ALJ was required to consider such evidence. *See Sprague v. Bowen,* 812 F.2d 1226, 1232 (9th Cir. 1987). The ALJ received into evidence the information supplied by Ruth Aguirre. Although the ALJ did not specifically comment upon that information in his decision, it was not of such a nature that it required special comment. Because the ALJ purported to base his decision on "the testimony at the hearing as well as the documentary evidence of record," we cannot find that he failed to consider the information supplied by Ruth Aguirre.

Because Aguirre's right to disability benefits cannot be determined on the record now before the court, this matter is hereby REMANDED to the Commissioner for further proceedings to resolve an inconsistency in the ALJ's residual functional capacity finding and to determine whether Aguirre's non-exertional limitations significantly decrease the jobs available to him in the national economy so as to warrant a finding of "not disabled."

REMANDED.

[*] The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.