**Malinn CISNEROS, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART,\* Commissioner, Social Security Administration, Defendant–Appellee.**

No. 01–15563.
D.C. No. CV–00–20456–JW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2002.

Decided Oct. 7, 2002.

---

\* Jo Ann B. Barnhart is substituted for her

predecessor as Commissioner of the Social

Before CANBY and RYMER, Circuit Judges, and BERTELSMAN,** Senior District Judge.

## MEMORANDUM ***

Malinn Cisneros appeals the decision of the district court affirming the rulings of a Social Security Administration ("SSA") Administrative Law Judge ("ALJ") denying Cisneros disability benefits. Because we find that the ALJ erred in entirely disregarding the opinion of one of Cisneros's treating physicians and in its reasons for partially disregarding the opinion of another, we reverse the decision of the district court and remand for further proceedings before the SSA.

In determining whether a claimant is entitled to disability benefits, the ALJ follows a five-step sequential analysis, determining, among other things, whether the claimant meets the criteria of one of the specific impairment "Listings" in the SSA regulations and whether the claimant has residual functional capacity to perform other work. 20 C.F.R. § 404.1520; *see also Lester v. Chater*, 81 F.3d 821, 828 n. 5 (9th Cir.1995). Cisneros challenges the ALJ's rejection of her treating physicians' opinions on the issue of whether she met the criteria for the arthritis Listing and whether she had the residual capacity to perform other work.

The ALJ has the responsibility of weighing the evidence to determine whether a claimant is disabled. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir.1989). The ALJ must, however, provide " 'specific and legitimate reasons' supported by substantial evidence in the record" for rejecting

Security Administration. Fed. R.App. P. 43(c)(2).

** The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

treating physicians' opinions. *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir.1995); *see also Magallanes,* 881 F.2d at 750.

In ruling that Cisneros had not met the criteria for the arthritis Listing, the ALJ pointed out that Dr. Lynda Lee, Cisneros's main treating physician, did not submit any objective diagnostic tests. Objective tests were an explicit requirement of the then-current arthritis Listing. 20 C.F.R. Pt. 404, Subpt. P, App. 1 (2000). The failure to meet this requirement is a sufficient reason to reject Dr. Lee's opinion on whether Cisneros met the Listing.

On the question whether Cisneros had residual functional capacity to perform other work, the ALJ did not even mention the opinion of Dr. David Waggoner, the first physician to treat Cisneros for the pain in her knee.[1] In failing to mention Dr. Waggoner's opinion, the ALJ necessarily failed to give "specific and legitimate reasons" for rejecting Dr. Waggoner's opinion. *See Baxter v. Sullivan,* 923 F.2d 1391, 1396 (9th Cir.1991). This was error.

The ALJ also rejected Dr. Lee's opinion on Cisneros's residual functional capacity. One of the reasons given by the ALJ for its rejection was that the opinion was not consistent with Cisneros's own testimony about her abilities. There are no obvious inconsistencies, however, between Dr. Lee's opinion and Cisneros's testimony and the ALJ failed to point out what the inconsistencies were. The ALJ must give "specific and legitimate reasons" for rejecting a treating physician's opinion. *See Lester,* 81 F.3d at 830. Without further clarification, this reason given by the ALJ for rejecting Dr. Lee's opinion on residual functional capacity does not appear to have been supported by the record. The ALJ gave another reason for rejecting Dr. Lee's opinion: that Dr. Lee did not explain the limitations she found Cisneros to have. In light of the whole record, however, we are not convinced that the ALJ would have reached the same result if the ALJ had concluded that the limitations described by Dr. Lee were in fact consistent with Cisneros's testimony.

Because the rejection of the two treating physicians was not adequately supported by specific and legitimate reasons for rejection, the decision of the ALJ is not supported by substantial evidence in the record as a whole. *See Baxter,* 923 F.2d at 1396. We accordingly reverse the decision of the district court and remand with instructions to remand this matter to the Secretary for further proceedings. In light of the uncertainties in the record, we reject Cisneros's request that we direct an award of benefits.

REVERSED and REMANDED, with instructions.

---

1. From the record, it appears that Dr. Waggoner saw Cisneros only once. He found that, at the time, she was "totally disabled," and he referred her to Dr. Lee. The opinion of a physician who sees a patient for treatment purposes, even if he sees her only once, must be given more weight than that of a non-examining physician. *See Lester,* 81 F.3d at 830.