**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWIN DENNIN, | No. 16-16684 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-03686-SK |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Sallie Kim, Magistrate Judge, Presiding

Submitted December 8, 2017[**]
San Francisco, California

Before: THOMAS, Chief Judge, LUCERO[***] and OWENS, Circuit Judges.

Edwin Dennin appeals the district court's affirmance of the Commissioner

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Carlos F. Lucero, United States Circuit Judge for the Tenth Circuit, sitting by designation.

of Social Security's denial of supplemental security income and disability insurance benefits. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

We review a district court's affirmance of an Administrative Law Judge ("ALJ") decision de novo. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). An ALJ's denial of benefits may be set aside only if "'the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole.'" Id. (quoting Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

Dennin argues the ALJ erred by rejecting the opinion of a treating physician. "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) as amended (Apr. 9, 1996). Unless a treating source's opinion is contradicted by another doctor, "it may be rejected only for 'clear and convincing' reasons." Id. (quoting Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991)). "Even if the treating doctor's opinion is contradicted by another doctor, the [ALJ] may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record for so doing." Id. (quoting Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983)).

2

The ALJ provided three reasons for giving little weight to the opinion of Dennin's treating physician: (1) the physician's limited time treating Dennin; (2) her questionable objectivity; and (3) her opinion's inconsistency with the record and her treatment notes. We conclude the ALJ adequately explained the bases for rejecting the treating physician's opinion, and that the explanation was supported by substantial evidence. See Ghanim v. Colvin, 763 F.3d 1154, 1161 (9th Cir. 2014) ("A conflict between treatment notes and a treating provider's opinions may constitute an adequate reason to discredit the opinions of a treating physician or another treating provider."); Benton ex rel. Benton v. Barnhart, 331 F.3d 1030, 1038 (9th Cir. 2003) (stating that weight afforded treating physician may be viewed as "a continuum reflecting the duration of the treatment relationship and the frequency and nature of the contact" (quoting Ratto v. Sec'y, Dep't of Health & Human Servs., 839 F. Supp. 1415, 1425 (D. Or. 1993))); Matney ex rel. Matney v. Sullivan, 981 F.2d 1016, 1020 (9th Cir. 1992) (holding an ALJ may give little weight to a treating physician who "had agreed to become an advocate").

Dennin also raises a number of issues that he did not advance before the district court. "As a general rule, an appellate court will not hear an issue raised for the first time on appeal." Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 515 (9th Cir. 1992). We may exercise our discretion to excuse waiver to prevent a

3

miscarriage of justice, if a new issue is based on a change in law, or if the issue is purely one of law. <u>Bolker v. Comm'r</u>, 760 F.2d 1039, 1042 (9th Cir. 1985). Having thoroughly considered the issues presented by Dennin for the first time on appeal, we decline to excuse his waiver.

**AFFIRMED**.