NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JON-JON APPLEGATE, | No. 20-15474 |
| Plaintiff-Appellant, | D.C. No.<br>2:18-cv-00581-JAM-CKD |
| v. | |
| ANDREW M. SAUL, Commissioner of<br>Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted April 15, 2021**
San Francisco, California

Before: THOMAS, Chief Judge, and R. NELSON and HUNSAKER, Circuit
Judges.

Jon-Jon Applegate appeals the district court's decision affirming the

Commissioner of Social Security's denial of his application for Disability

Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. § 423. We

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We review the district court's order affirming the denial of Social Security benefits de novo and reverse only if the Administrative Law Judge's (ALJ) decision was not supported by substantial evidence or was based on legal error. *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014). We affirm.

1.     Applegate did not waive his right to challenge the district court's decision that substantial evidence supported the Commissioner's decision by failing to object to the magistrate judge's finding and recommendation. A party who does not object to the magistrate judge's report waives his right to challenge factual findings but retains his right to appeal legal conclusions. *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991). "[W]hether the ALJ's findings are supported by substantial evidence is a question of law." *Id.* at 1394–95.

2.     The ALJ did not err in evaluating the medical opinion evidence. An ALJ may reject the contradicted opinion of a treating or examining physician by giving specific and legitimate reasons for doing so that are supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017); *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). "[W]hen an examining physician provides 'independent clinical findings that differ from the findings of the treating physician,' such findings are 'substantial evidence.'" *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) (internal quotation omitted). Contrary to Applegate's assertion,

his treating physician Jane Wang, M.D. was contradicted by an examining physician who offered independent clinical findings that differed from Dr. Wang's, which renders the clear-and-convincing-reasons standard that he advances inapplicable. *See Lester*, 81 F.3d at 830. And the ALJ gave specific and legitimate reasons for partially rejecting Dr. Wang's opinion that are supported by an abundance of evidence. Specifically, the ALJ correctly noted that Applegate's imaging studies reflect mostly mild objective findings and that Dr. Wang and examining physician William Ramsey, M.D.'s reports documented his improving condition. *Id.* at 831. The ALJ also noted that the opinions of nonexamining consultants, to which he gave great weight, were consistent with the mild objective findings on imaging studies and the improved findings on physical examinations. *But see id.*

3. The ALJ gave "specific, clear and convincing reasons" for partially discounting Applegate's subjective symptom testimony. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012), *superseded by regulation on other grounds* (quotations omitted). The ALJ cited conflicts between Applegate's allegations of disabling physical symptoms and the objective medical evidence, including imaging studies and examinations showing largely unremarkable findings and observations. *Carmickle v. Comm'r, SSA*, 533 F.3d 1155, 1161 (9th Cir. 2008). The ALJ also noted, for example, that Applegate's testimony indicated that he

could walk only short distances, yet medical reports note that he occasionally would walk for hours. *See Rollins v. Massanari*, 261 F.3d 853, 858 (9th Cir. 2001).

No evidence supports Applegate's assertion that his mental impairments caused him to experience more extreme symptoms than would normally be expected. The sole provider who diagnosed Applegate with a psychological pain disorder noted only that it would delay recovery, not that it would cause a greater level of symptoms. Further, the ALJ found Applegate's allegations related to his psychological impairment only partially credible due to his limited treatment history, the treatment records that do exist, and "the observations by the claimant's treatment providers." Specifically, it is worth noting that Applegate's mental health providers routinely reported that he was cooperative and had logical thinking and good attention and concentration.

4.     Finally, substantial evidence supports the ALJ's vocational findings, *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995), and any error that may have occurred was harmless. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1110 n.7 (9th Cir. 2018). The vocational expert (VE) testimony established that a person with Applegate's residual functional capacity (RFC) could perform three jobs that exist in the national economy. As discussed above, substantial evidence supports the limitations the ALJ found, and the hypothetical questions to the VE included these limitations. *Valentine v. Comm'r, SSA.*, 574 F.3d 685, 690 (9th Cir. 2009). But

even if the first two jobs the VE identified (electrical equipment inspector and x-ray inspector) are inconsistent with the reasoning level noted in Applegate's RFC, this error is harmless because one of the jobs the VE identified (bottling line attendant) indisputably meets the RFC presented by the ALJ and exists in sufficient numbers in the national economy. 20 C.F.R. § 404.1566(b); *see Shaibi*, 883 F.3d at 1110 n.7.

**AFFIRMED.**