**Jose Donald SARRIA–SIBAJA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 90–70640.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 14, 1993.

Memorandum Filed March 17, 1993.

Opinion and Order Filed April 5, 1993.

---

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern and West-

ern Districts of Missouri.

C. Matthew Schulz, Graham & James, San Francisco, CA, for petitioner.

Charles E. Pazar, Stewart Deutsch, U.S. Dept. of Justice, Washington, DC, for respondent.

Before: ALDISERT,* GOODWIN, and FLETCHER, Circuit Judges.

## ORDER

The memorandum disposition filed March 17, 1993, is redesignated as per curiam opinion.

---

PER CURIAM:

Donald Jose Sarria–Sibaja ("Sarria–Sibaja") applied for asylum in the United States or, alternatively, for withholding of deportation, contending that he would be persecuted if returned to Nicaragua. *See* 8 U.S.C. §§ 1158(a) & 1253(h). The immigration judge denied Sarria–Sibaja's request. On appeal, the Board of Immigration Appeals ("BIA") took administrative notice of the fact that the Sandinistas had been voted out of power. Reasoning that Sarria–Sibaja no longer had a well-founded fear of persecution in Nicaragua, the BIA denied his application and ordered him deported.

■ We have jurisdiction to hear this appeal under 8 U.S.C. § 1105a(a)(1). Because the BIA improperly took administrative notice of the change in government in Nicaragua without providing Sarria–Sibaja an opportunity to show cause why notice should not be taken or to supplement the record by further evidence, we grant the petition for review.

Sarria–Sibaja testified at his hearing before the immigration judge as follows: Although he had participated in Sandinista activities when they first came to power, he grew disillusioned with the regime because of the Sandinistas' use of a national literacy campaign for propaganda purposes. Sarria–Sibaja's political outlook continued to change after a series of conversations with an uncle who had been imprisoned for over a year by the Sandinistas.

Sarria–Sibaja attended meetings of the Christian Social Party ("CSP"), to which his uncle belonged, but never joined the party. After that uncle was killed by the Sandinistas, Sarria–Sibaja's view changed radically. He attended more CSP meetings, including one which was broken up by "turbas," mobs affiliated with the Sandinistas. After his conscription into the Sandinista Army, Sarria–Sibaja was vocal in his opposition to the Sandinistas. Officers threatened him with jail and with the same fate his uncle met. He was also taunted by fellow sol-

---

* Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

diers while negotiating an obstacle course. Sarria–Sibaja received a medical discharge from the army and was permitted to travel to Mexico for treatment. He later entered the United States illegally.

In *Castillo–Villagra v. INS*, 972 F.2d 1017 (9th Cir.1992), we held that the BIA "erred in taking notice of the change of government without providing the petitioners an opportunity to rebut the noticed facts." *Id.* at 1029. We explicitly rejected the argument that due process requirements are satisfied by the petitioner's right, under 8 C.F.R. §§ 3.2 & 3.8, to move the BIA to reopen the proceedings and to present evidence to rebut the noticed facts. *Id.* Here, as in *Castillo–Villagra*, Sarria–Sibaja did not receive warning that administrative notice would be taken, nor was he provided with an opportunity to contest or rebut by further evidence the facts of which administrative notice was taken. *Id.* at 1021.

█ The government seeks to distinguish this case from *Castillo–Villagra*, stressing that, in addition to taking administrative notice of the change in Nicaraguan government, the BIA also discussed specific reasons for its dismissal of Sarria–Sibaja's appeal. *Cf. id.* at 1023 ("The Board gave no reasons for its decision except for the facts of which it took administrative notice."). The government argues that, because the BIA decision was not solely based on administrative notice grounds, this case is governed by *Castillo v. INS*, 951 F.2d 1117 (9th Cir.1991). In *Castillo*, the court denied the petitioner's request for review based on its finding that the BIA decision's discussion of administrative notice was merely an alternative ground for its rejection of the petitioner's request. *Id.* at 1118–19.

However, in *Castillo*, the BIA "*explicitly stated* that this finding was based on 'two distinct grounds, each of which is an independent basis for denial.'" *Id.* at 1120

(emphasis in original). In the present case, the BIA did not explicitly state that the specifically enumerated reasons were an independent basis for its dismissal of Sarria–Sibaja's appeal. In fact, the BIA introduced its administrative notice discussion, which followed its discussion of specific reasons, with the word "Moreover." Consequently, we cannot find that the specific reasons cited by the BIA are an independent basis for its decision.[1]

The petition for review is therefore GRANTED.

---

1. Sarria–Sibaja suggests the BIA must specifically note in its decision that it considered his documentary evidence. Although "[t]here are no steadfast rules regarding what constitutes an adequate Board decision," a BIA decision must include "statements that evidence an *individual-*

*ized* review of the petitioner's contentions and circumstances." *Castillo*, 951 F.2d at 1121 (emphasis added). Because we reject the BIA's use of administrative notice, we need not decide whether the BIA decision in this case satisfies the *Castillo* standard.