37 F.3d 1505
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Carlos Jose GUTIERREZ-MAYORGA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70629.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 3, 1994.*
Decided Oct. 5, 1994.
 
 Before: GOODWIN, O'SCANNLAIN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gutierrez-Mayorga claims that the BIA's holding, that his evidence lacked credibility, was not supported by substantial evidence. Our review is limited to whether substantial evidence on the whole record supported this credibility determination. Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir.1991). It did. The State Department said that the Order of Capture looked fake, and that the Ministry of Justice document also did not look right. Regardless of whether all the other cavils regarding Gutierrez-Mayorga's evidence were well-founded, this was substantial evidence that he had attempted to make his case by submitting false documents. We therefore cannot overturn the BIA's decision on the credibility of his evidence.
 
 
 3
 Gutierrez-Mayorga claims that he suffered past persecution sufficient under Desir v. Ilchert, 840 F.2d 723 (9th Cir.1988) and Matter of Chen, Int.Dec. 3104 (BIA 1989) to entitle him to asylum, even without proof of a well founded fear of future persecution. The persecution he allegedly suffered because of his political opinions consisted largely of expulsion from the University, denial of a ration card, and three police interrogations unaccompanied by torture. As the BIA decision says, the persecution for which evidence was given, even if the credibility determination is disregarded, does not rise to the level of inhumane treatment common to the cases in which relief was granted on this ground.
 
 
 4
 Petitioner argues, based on Castillo-Villagra v. INS, 972 F.2d 1017 (9th Cir.1992) and Sarria-Sibaja v. INS, 990 F.2d 442 (9th Cir.1993), that the BIA improperly took notice of the change of government in Nicaragua and its effect on any well founded fear he might otherwise have had. We do not reach this question. As explained above, the BIA held that Gutierrez-Mayorga's evidence was not credible. That implies that whether the regime changed materially or not, he did not prove entitlement to asylum. Berroteran-Melendez v. INS, 955 F.2d 1251, 1257 (9th Cir.1992).
 
 
 5
 Gutierrez-Mayorga argues that the BIA abused its discretion in denying voluntary departure. It did so on the ground that he testified falsely and submitted fake documents. We cannot review this determination more searchingly than to determine whether the BIA acted arbitrarily or capriciously in the exercise of its discretion. Abedini v. INS, 971 F.2d 188, 193 (9th Cir.1992). His submission of false evidence, in the circumstances of this case, sufficed to support the BIA's exercise of discretion. Id.
 
 
 6
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3