47 F.3d 1175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Melionardo Evangelista de GUZMAN, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 Nos. 94-70055, 93-70644.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 10, 1995.*
Decided Feb. 24, 1995.
 
 Petition for Review of Decision of the Board of Immigration Appeals, No. Afn-hoy-fxy.
 BIA
 PETITIONS DENIED.
 Before: TROTT, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Melionardo de Guzman petitions for review of the ruling of the Board of Immigration Appeals which affirmed the Immigration Judge's denial of his motion for a continuance, and found that the Tagalog interpreter was adequate. He also petitions for review of a second BIA decision, which denied his motion to reopen deportation proceedings. We deny both petitions.
 
 DISCUSSION
 
 3
 1. De Guzman argues that the IJ erred in refusing to allow his counsel to take the interpreter on voir dire to determine his qualifications. He also argues that the interpreter did not adequately understand the Tagalog language and that, throughout the proceedings, he was forced to answer the direct questions of the IJ when he did not understand them. To succeed on these claims, he must demonstrate that a better translation "would have made a difference in the outcome of the hearing." Acewicz v. INS, 984 F.2d 1056, 1063 (9th Cir.1993); see also Cuadras v. INS, 910 F.2d 567, 573 (9th Cir.1990) (right to full and fair hearing is denied only if error complained of causes alien to suffer prejudice). He has failed to make that showing. Far from refusing to answer questions because he did not understand them, de Guzman often appeared to refuse precisely because he did understand the questions posed to him by the interpreter. Indeed, he even indicated that he fully understood what was asked of him. It is apparent that de Guzman was not denied a full and fair hearing.
 
 
 4
 2. An IJ may grant a continuance for "good cause shown." 8 C.F.R. Sec. 3.29 (1994). Whether a denial of a continuance constitutes a clear abuse of discretion must be determined on a case-by-case basis. See Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988).
 
 
 5
 De Guzman asked for a 121-day continuance because, in that period, he would have acquired the seven-year United States residency requirement necessary to make him statutorily eligible for suspension of deportation. See 8 U.S.C. Sec. 1254(a)(1). He suffered no "prejudice" from the IJ's denial; he was merely statutorily unable to seek the relief he wanted. De Guzman was not entitled to a delay in the proceedings so that he could become eligible for a suspension of deportation. See Matter of Silva-Rodriguez, Interim Decision 3168 (BIA), 1992 WL 195802; cf. INS v. Rios-Pineda, 471 U.S. 444, 449, 105 S.Ct. 2098, 2102, 85 L.Ed.2d 452 (1985); INS v. Lopez-Mendoza, 468 U.S. 1032, 1039, 104 S.Ct. 3479, 3483, 82 L.Ed.2d 778 (1984).
 
 
 6
 3. De Guzman applied for a reopening of his deportation proceedings on two grounds: first, that his application for waiver of deportability under 8 U.S.C. Sec. 1251(f)[1] be considered on the basis of new evidence; and second, that the record on his suspension of deportation application be reopened because he had since gained the seven-year United States residence required by 8 U.S.C. Sec. 1254(a).
 
 
 7
 His first ground must fail because the evidence was not new; it could have been presented earlier. See 8 C.F.R. Sec. 3.2 (1994); INS v. Abudu, 485 U.S. 94, 104-05, 108 S.Ct. 904, 912, 99 L.Ed.2d 90 (1988). Thus, we need not consider the other more problematic reason given by the BIA--that he did not allege or merit a waiver.[2] His second ground fares no better because he failed to place any evidence of extreme hardship before the BIA when he sought to reopen. See 8 C.F.R. Sec. 3.8(a) (1994) (affidavit required for motion to reopen); INS v. Jong Ha Wang, 450 U.S. 139, 143, 101 S.Ct. 1027, 1030, 67 L.Ed.2d 123 (1981) (per curiam) (BIA did not abuse its discretion in denying a motion to reopen that was unsupported by an affidavit alleging extreme hardship). One of the purposes of requiring affidavits to be submitted with a motion to reopen is "to permit the Board to select for hearing only those motions reliably indicating the specific recent events that would render deportation a matter of extreme hardship for the alien or his children." Jong Ha Wang, 450 U.S. at 143, 101 S.Ct. at 1030. De Guzman had the burden of demonstrating a compelling reason why his case, in which the BIA had already issued a final ruling, should be reopened. He did not do that.[3] The BIA did not abuse its discretion in denying de Guzman's motion to reopen.
 
 
 8
 Petitions DENIED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Federal Rule of Appellate Procedure 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although Sec. 241(f) was redesignated as 8 U.S.C. Sec. 1251(a)(1)(H) by the Immigration Act of 1990, the provisions of the former statute govern in this case because de Guzman received notice of this deportation proceeding prior to March 1, 1991. See Pub.L. No. 101-649, Sec. 602, 104 Stat. 4978, 5082 (1990)
 
 
 [2]
 This court has held that what look like alternative grounds are not always "distinct" grounds for BIA decisions. See, e.g., Kahssai v. INS, 16 F.3d 323, 325 (9th Cir.1994) (added reason introduced by words "in addition"); Sarria-Sibaja v. INS, 990 F.2d 442, 444 (9th Cir.1993) (added reason introduced by word "moreover"). Here, however, the reason does appear to be distinct because the BIA, after distinctly indicating that the "belated" evidence was not new, went on to say that "even if [it] were to consider" the evidence it would deny relief
 
 
 [3]
 De Guzman himself apparently recognized that his motion to reopen was lacking; he filed a second motion to reopen after the BIA denied his initial motion. The sole purpose of that motion appears to have been to submit the affidavit he should have included with his first motion. It is not before us for decision on these petitions