79 F.3d 1155
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Luis ZAMBRANO-OROSCO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70478.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1996.**
Decided March 18, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Luis Zambrano-Orosco, a native and citizen of Nicaragua, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the order of an immigration judge ("IJ"), denying his request for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and deny the petition for review.
 
 
 3
 We review for abuse of discretion the denial of asylum and for substantial evidence the decision to deny withholding of deportation. Kazlauskas v. INS, 46 F.3d 902, 905, 907 (9th Cir.1995). We will uphold the BIA's determinations unless the applicant demonstrates "that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." See INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).
 
 
 4
 To establish eligibility for asylum, Zambrano-Orosco must show past persecution or a well-founded fear of future persecution in Nicaragua on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1101(a)(42), 1158(a); Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993). Zambrano-Orosco must show both a subjective and objective fear of persecution. See Acewicz, 984 F.2d at 1061. "The objective inquiry requires a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution" on account of one of the enumerated grounds. Prasad v. INS, 47 F.3d 336, 339 (9th Cir.1995) (quotation omitted).
 
 
 5
 Zambrano-Orosco contends the BIA's decision that he failed to establish past persecution or a well-founded fear of persecution is not supported by substantial evidence. Zambrano-Orosco's claims of past persecution and fear of future persecution are based on his desertion from the Sandinista army after ten years of service. Zambrano-Orosco testified that he began to openly disagree with the policy of recruiting young men into the army and that as a result he was demoted, reassigned to a desk job and his weapon was confiscated. Zambrano-Orosco also testified that deserters who disagreed with the policies of the Sandinistas received harsh treatment.
 
 
 6
 Substantial evidence supports the BIA's determination that Zambrano-Orosco's treatment by the Sandinistas did not rise to the level of persecution. See Ubau-Marenco v. INS, 67 F.3d 750, 754 (9th Cir.1995). First, a foreign country has a right to require military service and punish individuals for avoidance of military service. Cf. Castillo v. INS, 951 F.2d 1117, 1122 (9th Cir.1991); De Valle v. INS, 901 F.2d 787, 792 (9th Cir.1990). Second, Zambrano-Orosco failed to establish that the Sandinistas had a persecutory motive for seeking him, see Desir v. Ilchert, 840 F.2d 723, 726 (9th Cir.1988), or have interpreted his desertion as on account of his political opinion, see Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992). Given the evidence presented, we cannot say that "a reasonable factfinder would be compelled to conclude that [Zambrano-Orosco] was subject to persecution and had a well-founded fear of persecution." See Prasad, 47 F.3d at 339.
 
 
 7
 Zambrano-Orosco also contends that the BIA erred by taking administrative notice of the changed conditions in Nicaragua. Due process requires that the BIA give the applicant notice and an opportunity to respond before taking administrative notice of events that occurred after the deportation hearing. Getachew v. INS, 25 F.3d 841, 846 (9th Cir.1994).
 
 
 8
 Here, Zambrano-Orosco filed a motion to reopen with the BIA because he had not received notice before the BIA took administrative notice of the changed conditions in Nicaragua. The BIA reopened the proceedings and issued a second opinion finding that Zambrano-Orosco had not established past persecution or a well-founded fear of future persecution. In the alternative, the BIA found that Zambrano-Orosco could not have an objective fear of future persecution based on administratively noticed changed conditions in Nicaragua. Where, as here, the BIA explicitly states that alternative grounds constitute an independent basis for dismissing the alien's claim, this court can affirm the BIA on either of the independent bases. Cf. Sarria-Sibaja v. INS, 990 F.2d 442, 443-44 (9th Cir.1993); Castillo, 951 F.2d at 1123. Because we affirm the BIA's decision that Zambrano-Orosco failed to establish past persecution or a well-founded fear of future persecution, we need not consider his claim that the BIA did not afford him adequate notice and opportunity to respond before taking administrative notice.
 
 
 9
 Finally, because the standard for withholding of deportation is higher than the standard for a grant of asylum and because Zambrano-Orosco has failed to meet the lower standard for a grant of asylum, we affirm the BIA's denial of withholding of deportation. See Prasad, 47 F.3d at 340; Acewicz, 984 F.2d at 1062.
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. $. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3