Jerome JERRICKS, Plaintiff–
Appellant,

v.

James M. SCHOMIG and Benny
Dallas, Defendants–
Appellees.

No. 00–4338.

United States Court of Appeals,
Seventh Circuit.

Submitted March 26, 2003.*

Decided March 26, 2003.

Rehearing Denied July 11, 2003.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, this appeal is submitted on the briefs and the records. *See* Federal Rule of Appellate Procedure 34(a)(2).

Before COFFEY, RIPPLE, and DIANE P. WOOD, Circuit Judges.

## ORDER

In March 1997 federal inmate Jerome Jerricks, then incarcerated at Pontiac Correctional Center in Illinois, suffered a stroke that left him partially paralyzed on his right side. In July 1999 Jerricks was found guilty of violating prison rules; as a result, the prison rescinded his access to yard recreation for 30 days. In August 1999 Jerricks again was found guilty of violating prison rules; this time the prison revoked his yard time for 60 days. In September 1999 he lost another 90 days' yard time for committing yet another disciplinary violation. In November 1999 the prison found Jerricks guilty of damaging property and of disobeying a guard's order. Soon thereafter, Jerricks filed a grievance challenging this most recent punishment, but an administrative review board denied his claim. In March 2000 the prison found Jerricks guilty of assault and imposed another 180 day yard restriction. As a result of these disciplinary infractions, Jerricks was denied yard access for approximately 14 months, from July 29, 1999 until October 2000.

Jerricks brought this civil rights action, see 42 U.S.C. § 1983, in federal district court alleging that Warden James Schomig and Lieutenant Benny Dallas violated his Eighth Amendment rights by denying him yard access for over 14 months. Jerricks claimed that this time without yard access, sunshine, and fresh air caused him great suffering and muscle atrophy. In December 2000 the district court dismissed his complaint *sua sponte* under the screening mechanism of 28 U.S.C. § 1915A for failure to state a claim. The court concluded that Jerricks failed to allege that the defendants denied him all forms of exercise or that he suffered physical harm as a result of the prison's disciplinary action. It also noted that Jerricks has no constitutional right to sunshine and fresh air.

We review the district court's dismissal de novo and will affirm only when it appears beyond doubt that no set of facts supports the plaintiff's claims. *Wynn v. Southward*, 251 F.3d 588, 591–92 (7th Cir.2001) (per curiam). Because Jerricks is proceeding pro se, we construe his complaint liberally and subject it to less stringent scrutiny than complaints prepared by counsel. *See Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir.2001).

We believe the district court dismissed Jerricks's complaint prematurely. Jerricks alleged that the defendants caused him great suffering by denying him yard access, sunshine, and fresh air every day from July 29, 1999 until October 2000. Although the court concluded that he did not state a claim under the Eighth Amendment, the defendants do not ask us to affirm on this ground and with good reason–we have recognized that less severe deprivations than the one Jerricks suffered may violate the Constitution. *See Delaney v. DeTella*, 256 F.3d 679, 684 (7th Cir.2001) (inmate denied yard access for six months suffered sufficient constitutional deprivation); *Pearson v. Ramos*, 237 F.3d 881, 884–85 (7th Cir.2001) (denial of yard privileges for more than 90 days may be cognizable under Eighth Amendment); *see also Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 810 (10th Cir.1999) (nine-month denial of outdoor exercise states Eighth Amendment claim).

The defendants advance another basis for affirming–exhaustion–but their argument is unavailing. They claim that Jerricks only challenged one of his disciplinary sanctions, and not the other four. But failure to exhaust is an affirmative defense, which the defendants have yet to

plead; therefore, dismissal on this ground would not have been appropriate. *Walker v. Thompson,* 288 F.3d 1005, 1009 (7th Cir.2002). The defendants acknowledge that failure to exhaust is an affirmative defense, but claim that the district court could have dismissed the complaint for frivolousness under § 1915A because Jerricks's failure to exhaust is obvious from the face of the complaint. *See id.* But this conclusion is anything but clear. Although Jerricks attached only one grievance to his civil rights complaint, he also alleged that he had utilized the prison's grievance procedure to obtain relief. Consequently, the affirmative defense of failure to exhaust is not "so plain from the face of the complaint" as to warrant dismissal. *See id.* Moreover, even if Jerricks only filed one grievance, he had already been deprived of yard time for approximately four months when it was filed, a sufficient length of time to trigger constitutional protection. *See Delaney,* 256 F.3d at 684; *Pearson,* 237 F.3d at 884–85.

We therefore VACATE the district court's judgment and REMAND for further proceedings. In light of this disposition, Jerricks should not have been assessed a strike under 28 U.S.C. § 1915(g).