**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 8, 2010[*]
Decided September 9, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 09-1803

| | |
|---|---|
| ASHOOR RASHO,<br> *Plaintiff-Appellant,* | Appeal from the United States District<br>Court for the Central District of Illinois. |
| *v.* | No. 09-1036 |
| ROGER WALKER, Jr., et al,<br> *Defendants-Appellees.* | Harold A. Baker,<br>*Judge.* |

**O R D E R**

Ashoor Rasho, an inmate at the Pontiac Correctional Center in Illinois, filed suit under 42 U.S.C. § 1983, claiming that prison officials violated his Eighth Amendment rights when they sanctioned him to 90 days of yard restriction after finding him guilty of violating prison rules. The district court dismissed Rasho's complaint at screening for failure to state a claim, *see* 28 U.S.C. § 1915A, and Rasho appeals. We affirm the judgment of the district court.

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that these materials adequately present the facts and legal arguments in the case and thus oral argument is unnecessary. *See* FED. R. APP. P. 34(a)(2)(c).

In reviewing the district court's dismissal, we accept as true the facts described in Rasho's complaint. *See Hoskins v. Lenear*, 395 F.3d 372, 373 (7th Cir. 2005). According to his complaint, Rasho received a disciplinary report for hiding a milk carton in his jumpsuit during yard time. The reporting guard stated that he did not know why Rasho had the carton, but noted that inmates sometimes fill cartons with urine or feces and then throw them in the yard. After a disciplinary hearing, the Adjustment Committee found Rasho guilty of possessing contraband and abusing yard privileges, and sanctioned him with a demotion in status and 90 days of yard restriction. Rasho filed an emergency grievance; in it he complained that inmates have no choice but to use the milk cartons as urinals because the prison denies inmates access to bathrooms during yard time, and that the 90-day yard restriction violated his constitutional rights. Two months later, Rasho notified the prison's medical staff that he was experiencing muscle pain, migraines, stomach cramps, and depression, and requested a sick call and a visit from the prison's psychiatrist. He does not allege these requests were ignored.

Rasho then filed this § 1983 suit, claiming that it was cruel and unusual punishment to deprive him of outdoor exercise for 90 days. He asserted that courts have recognized that exercise is necessary for physical and mental well-being and that any denial of exercise can lead to serious health impairments. In his case, Rasho alleged, the deprivation of exercise caused him to suffer from "muscle, migraines, and stomach pains and problems," and a "digestive disorder."

The district court dismissed his complaint at screening, determining that limited denials of outdoor exercise imposed in response to prison disciplinary violations are not unconstitutional. Rasho moved to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure, renewing the allegations in his complaint and emphasizing that he would continue to be deprived of outdoor exercise until officials put a urinal in the yard. The district court summarily denied his motion, and Rasho appealed.

On appeal Rasho does not address the district court's denial of his 59(e) motion, and contends only that the court prematurely dismissed his original complaint. He cites *Pearson v. Ramos*, 237 F.3d 881 (7th Cir. 2001), *Delaney v. DeTella*, 256 F.3d 679 (7th Cir. 2001), and our nonprecedential decision in *Jerricks v. Schomig*, 65 Fed. App'x 57 (7th Cir. 2003), to argue that the denial of his outdoor exercise privileges sufficiently states an Eighth Amendment claim and that the district court should have allowed him to proceed with his suit. He does not challenge the prison's right to discipline him for violating prison rules, or that he violated prison rules in this case, but insists that "out-of-cell exercise is in fact a . . . basic human right" that prison officials cannot constitutionally withhold. He notes that he still suffers from headaches, constipation, lethargy, back pain, stomach pains and digestive problems,

and that he has experienced subsequent denials of yard time. Again, he does not assert that the prison is ignoring his maladies, only that he objects to the loss of yard time.

To state an Eighth Amendment claim, Rasho must demonstrate that the 90-day deprivation "posed a substantial risk of serious harm" that prison officials deliberately ignored. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Delaney*, 256 F.3d at 683. Prisons often use yard restrictions as sanctions for disciplinary charges, and we noted in *Delaney* that some deprivation of outdoor exercise may be "inevitable" in the prison context. 256 F.3d at 683-84. To guide prison authorities as to when a denial of outdoor exercise will rise to a constitutional violation, we held in *Pearson* that "a denial of yard privileges for no more than 90 days at a stretch is not cruel and unusual punishment." 237 F.3d at 884. We left open the possibility that a denial of *less* than 90 days could be actionable if the punishment was imposed for "some utterly trivial infraction" of the prison's rules because the Eighth Amendment requires consideration of the proportionality of the punishment relative to the crime. *Id.* at 885.

But Rasho does not argue that his infraction was trivial or that the punishment was disproportionate to his violation. Rather, he disagrees generally with our holding in *Pearson*, but proposes no basis to question our 90-day threshold. Although Rasho suggests that the denial of yard time created medical problems, he does not allege that he suffered unusual health consequences, nor does he contend that, when prison officials imposed the 90-day loss of yard privileges, they were aware of an "impending harm easily preventable." *Delaney*, 256 F.3d at 683 (quoting *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992)). Likewise, he has not claimed that officials have ignored the pleas for medical assistance that he made after he lost yard privileges.

Accordingly, we AFFIRM the judgment of the district court.